**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1333-18T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JOHN S. PARKIN,

      Defendant-Appellant.

_____

        Submitted January 6, 2020 – Decided April 22, 2020

        Before Judges Rothstadt and Moynihan.

        On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 16-05-0437.

        Joseph E. Krakora, Public Defender, attorney for appellant (Anderson David Harkov, Designated Counsel, on the brief).

        Charles A. Fiore, Gloucester County Prosecutor, attorney for respondent (Michael C. Mellon, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Indicted for conspiracy to commit robbery in the second-degree, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:15-1(a) (count one), robbery in the second-degree, N.J.S.A. 2C:15-1(a) (count two), and third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a) (count three), he accepted the State's plea offer. Before he was sentenced in accordance with the plea agreement to a five-year term of special probation conditioned on his entry and completion of Drug Court, the sentencing judge posed further questions to defendant about his actions during the robbery.

On appeal, defendant argues:

> POINT I
>
> THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING BECAUSE THERE WAS NOTHING IN THE RECORD TO EXPLAIN WHAT CAUSED DEFENDANT TO CHANGE HIS FACTUAL BASIS BETWEEN THE PLEA AND SENTENCE HEARINGS.
>
> POINT II
>
> THE FAILURE OF PLEA COUNSEL TO ASSURE DEFENDANT WAS VOLUNTARILY ENTERING A LEGALLY SUFFICIENT FACTUAL BASIS FOR THE CRIME OF ROBBERY, DEPRIVED

DEFENDANT OF HIS CONSTITUTIONAL RIGHT
TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

Unpersuaded, we affirm.

During the plea hearing, defendant confirmed to the judge, who later sentenced defendant, that he understood the nature of the charges against him and his plea agreement. He testified that, after having discussed with his attorney all of the discovery in the case, possible motions or defenses that could be raised, and the probable outcome at trial, it was his intention to plead guilty, in his words, "for Drug Court." Defendant also attested no promises were made to him other than what was in the written plea agreement, no one forced or coerced him to accept the plea agreement, no threats were made that caused him to plead guilty, and he was pleading guilty because he was guilty. He also verified he signed and initialed the plea form after reviewing it with his counsel, and the circled answers were his. Those answers included his admissions that he committed the offense to which he was pleading guilty, he understood the charges and no threats were made that caused him to plead guilty.

Defendant also responded affirmatively to his plea counsel's questions in open court, admitting that he approached a bank teller and "passed a note to her in order to get money from the bank." The colloquy continued:

[PLEA COUNSEL]: And you would agree that upon passing the note upon your action you could have put her in immediate fear of bodily injury. Is that correct?

[DEFENDANT]: Yes.

[PLEA COUNSEL]: And, in fact, you did get money and left the—the—bank.

[DEFENDANT]: Yes.

. . . .

[PLEA COUNSEL]: So you agree that you committed a robbery[?]

[DEFENDANT]: Yes.

At sentencing, the judge observed that defendant "indicated during his plea that he was aware that passing a note could have created some fear," but thought there was a "need to address what his intention was in giving the note." To that end, plea counsel questioned the sworn defendant who confirmed he went to the bank with the intent to get money and passed a note to the teller with that intent. Questioning continued:

[PLEA COUNSEL]: And it was your intent that you were going to elicit fear by having a stance that would look it would be confrontational. Is that correct?

[DEFENDANT]: Yes.

[PLEA COUNSEL]: And as a result of that you – you made her believe that if – if she didn't give you the

4

money right then and there you would have or could have injured her. Is that correct?

[DEFENDANT]: Yes.

[PLEA COUNSEL]: And it – she probably perceived that by the fact of your mannerisms and the – and the way that – that you approached her. Is that correct?

[DEFENDANT]: Yes.

Defendant was then sentenced and entered an in-patient drug treatment program as a condition of Drug Court.

Less than six months later, defendant was charged with a violation of probation for absconding from that drug program. He pleaded guilty to the violation. The State sought to impose the alternative plea-bargain sentence of six years in state prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The judge, however, sentenced defendant to a five-year term subject to NERA. Thereafter, defendant filed a pro se PCR petition.

Reviewing the factual inferences drawn from the record by the PCR court and its legal conclusions de novo in the absence of an evidentiary hearing before the PCR judge, State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), we address defendant's contentions that his plea counsel "failed to elicit a voluntary factual basis from defendant's own mouth that included an essential element of robbery"; counsel coerced him to change the factual basis given at the plea

hearing and testify that he took a confrontational stance when he passed the note to the bank teller; he did so only to facilitate his admission into Drug Court; and counsel was ineffective for failing to assure that his plea admissions during the sentencing hearing were voluntarily made.

In so doing, we apply the familiar two-pronged standard that requires a defendant seeking to establish a claim of ineffective assistance of counsel to satisfy the test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687); then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92.  Defendant must show by a "reasonable probability" that the deficient performance affected the outcome.  Fritz, 105 N.J. at 58.

We first note that defendant did not file a direct appeal. Typically, a defendant is only entitled to raise a ground for relief in a PCR petition if that ground "could not reasonably have been raised in any prior proceeding," R. 3:22-4(a)(1), or if "the facts that form the basis for [the requested] relief 'could not have been discovered earlier through the exercise of reasonable diligence,'"

6

State v. Nash, 212 N.J. 518, 546 (2013) (quoting R. 3:22-4(a)). It is evident the alleged inadequacy of defendant's factual basis was known on the date of sentencing, if not on the date of his plea hearing. He did not avail himself of the opportunity to move to withdraw his plea, R. 3:21-1, or challenge its adequacy on appeal. As such he is barred from raising that argument in a PCR petition. R. 3:22-4; State v. Reevey, 417 N.J. Super. 134, 148 (App. Div. 2010) ("Issues that could and should have been raised on direct appeal from the defendant's conviction are barred by Rule 3:22-4(a) unless the exceptions to the Rule have been established.").

Apart from the procedural bar, plea counsel was not ineffective for failing to elicit a factual basis for the plea or to ensure defendant's plea was voluntary. Simply, that is not counsel's responsibility. Although the judge imposed upon plea counsel to elicit the factual basis at both the plea and sentencing hearings, it is incumbent upon the judge to question

> the defendant personally . . . and [determine] by inquiry of the defendant . . . that there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge[s] and the consequences of the plea.
>
> [R. 3:9-2.]

Moreover, there was an adequate factual basis for the plea. "A person is guilty of [second-degree] robbery if, in the course of committing a theft, he [or she] . . . threatens another with or purposely puts him [or her] in fear of immediate bodily injury[.]" Model Jury Charges (Criminal), "Robbery in the Second Degree (N.J.S.A. 2C:15-1)" (rev. July 2, 2009). Defendant's admissions during the plea and sentencing hearings established those elements. He said he approached the bank teller and passed her a note in order to get money from the bank. He admitted his actions could have put the teller in fear of immediate bodily injury, and he received the money and left the bank. At sentencing he admitted it was intent to "elicit fear" by striking a "confrontational" stance, making the teller believe that if she did not give defendant "the money right then and there [he] would have or could have injured her."

Referring to an account in the presentence report, defendant claims that he never threatened the teller, and only changed his factual basis and admitted during the sentencing hearing to intimidating her because plea counsel told him he had to make that admission to be sentenced into Drug Court. Defendant's allegations that his admissions were coerced by his counsel and were not voluntary are belied by the record. The colloquy during the plea hearing established that no one forced or coerced defendant to plead guilty, prompting

the plea judge to find defendant entered the plea "knowingly, intelligently and voluntarily." Although the judge did not find that defendant's statement during the sentencing hearing was likewise voluntary, there is nothing in the record to support defendant's bald assertion that it was not.

Defendant's factual assertions at the sentencing hearing did not contradict the basis given at the plea hearing. And, although defendant argues that a review of the presentence report indicates his testimony at the sentencing hearing completely contradicted his presentence report—thus evincing that plea counsel persuaded him to change his story in order to facilitate his admission into drug court—nothing in the presentence report contradicted defendant's testimony at sentencing. Although defendant points out that the presentence report indicates that he never verbally threatened the teller, the report is silent on defendant's intentions and mannerisms when he passed the note demanding money.

So too, there is no support for defendant's bald assertion that he was coerced to supplement his plea during the sentencing hearing to allow his admission into Drug Court. Defendant had already decided, as evidenced by the plea proceedings, to plead guilty to second-degree robbery in return for the State's recommendation that he be sentenced to probation conditioned on successful completion of the Drug Court program. That plea offer did not

change between the plea hearing and the sentencing hearing; neither did defendant's admission that he committed a second-degree robbery. Defendant's initial factual basis and the supplemental basis given during the sentencing hearing were made with the same aim: Drug Court. The supplemental factual basis made at the sentencing hearing did not alter the crime or the sentence. Thus there is no basis to defendant's claim that his supplemental testimony at sentencing was coerced and involuntary.

In that this PCR petition involves a plea agreement, defendant "must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have [pleaded] guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (first alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). The alternative sentence called for a six-year prison term with eighty-five percent parole ineligibility. Defendant faced a maximum ordinary term of ten years subject to the same parole ineligibility period. Under the circumstances, even if plea counsel was ineffective, defendant has failed to show that "but for [plea] counsel's [alleged] errors, [he] would not have [pleaded] guilty and would have insisted on going to trial." See Ibid. (quoting DiFrisco,

137 N.J. at 457). Defendant accepted the Drug Court sentence and did not change his stance until after he absconded from the inpatient substance abuse program, thus violating probation. And, although defendant contends that he was prejudiced because, "[h]ad [he] faced sentencing for a third[-]degree theft instead of a second[-]degree robbery, his alternative [D]rug [C]ourt sentence would have been less than five years and . . . NERA would not have applied[,]" the State was never willing to offer a plea for third-degree theft.

Finally, the PCR judge correctly denied an evidentiary hearing in that defendant did not establish a prima facie claim. R. 3:22-10(b); State v. Preciose, 129 N.J. 451, 462-63 (1992). "[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant's bald assertions about counsel's ineffectiveness, belied by the record, do not establish a prima facie claim. "Defendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation." Blake, 444 N.J. Super. at 299. And, an evidentiary hearing is not to be used to explore PCR claims. See State v. Marshall, 148 N.J. 89, 157-58 (1997). As we have determined,

defendant failed to establish a "reasonable likelihood of succeeding" under the familiar <u>Strickland-Fritz</u> test. <u>Preciose</u>, 129 N.J. at 463.

To the extent not addressed, we determine defendant's remaining claims are without sufficient merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1333-18T4